UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMON BELSHAM, | Civil Action No. |
| **Plaintiff,** | |
| - against - | **COMPLAINT** |
| | Jury Trial Demanded |
| THE HEALING COMPANY INC., | |
| **Defendant.** | |

Plaintiff, Simon Belsham ("Plaintiff"), by and through his attorneys, Kane Kessler, P.C., as for his complaint against Defendant, The Healing Company Inc. ("Defendant" or the "Company"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.      This action arises from the failure and refusal of Defendant to comply with the terms of a written employment agreement with Plaintiff, subsequent to the termination of Plaintiff's employment without cause.

2.      The employment agreement provided, inter alia, that Plaintiff would receive certain specified benefits upon termination, including six months' severance, which totals $250,000.00, and payment for ten days of accrued but unused vacation time, which totals $19,230.77.

3.      Defendant has failed and refused to make the contractually required payments to Plaintiff, despite repeated demands for payment.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction of this action based upon diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. §1332(a)(2).

5.      The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), since Defendants principle place of business is located in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

7.      In addition, venue is proper in this district because Plaintiff and Defendant agreed in writing to submit to the exclusive jurisdiction of the courts of or in the State of New York in connection with any dispute arising from the employment agreement between the parties, which is the subject matter of this action.

8.      Plaintiff is an individual, who is a citizen of a foreign state, currently residing at The Manor, Upper Swainswick, Bath, UK BA1 8DA.

9.      Although Plaintiff is lawfully admitted for permanent residence in the United States, he is not domiciled in the State of New York, the State of Nevada of any other state in the United States.

10.      Upon information and belief, at all times referred to herein, Defendant was and is a corporation duly organized and existing under and by virtue of the laws of the State of Nevada, with its principal place of business located at 135 West 50th Street, 2nd floor, New York, New York 10020.

11.      Upon information and belief, Defendant is primarily engaged in the alternative medicine healthcare industry business throughout the United States.

12.      Upon information and belief, Defendant transacts substantial business through its agents, servants, and employees in this judicial district and throughout the State of New York,

contracts on a regular basis to provide products and services within this judicial district and the

State of New York and markets its services and products within this judicial district and

throughout the State of New York.

## AS FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

13.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 12 above with the same force and effect, as if fully set forth herein.

14.     On or about November 27, 2021, Plaintiff and Defendant entered into an

employment agreement (the "Employment Agreement"), whereby Plaintiff was employed on a

full time basis as the Chief Executive Officer of the Company.

15.     The Employment Agreement provided, inter alia, that in the event of termination

of employment without cause, the Company would pay as severance, Plaintiff's base salary for a

period of six (6) months from the date of termination, or if earlier, until commencement of

Plaintiff's employment with or engagement to provide consulting services to a competitor of the

Company (the "Severance").

16.     The Employment Agreement further provided that the Severance to which

Plaintiff was entitled, would be provided in the form of salary continuation, payable in

accordance with the normal payroll practices of the company.

17.     Pursuant to the Employment Agreement, the first Severance payment was

required to be made to Plaintiff on the Company's next regular payday following the expiration

of 60 calendar days from the date of Plaintiff's termination, with the first payment to be

retroactive to the day following the date of Plaintiffs termination.

18.     On or about November 13, 2023, Plaintiff's employment with the Company was terminated without cause.

19.     Since the date of Plaintiff's termination, he has not commenced employment with or been engaged to provide consulting services to a competitor of the Company.

20.     At the time of Plaintiff's termination, his base compensation was $500,000.

21.     Plaintiff fully performed all of his obligations pursuant to the terms of the Employment Agreement.

22.     Despite the repeated demands of Plaintiff, Defendant has failed and refused to pay any of the Severance as required by the terms of the Employment Agreement.

23.     Although the obligation of the Company to pay Severance was purportedly conditioned upon the signing by Plaintiff of a separation agreement containing a general release of claims and other customary terms ("Separation Agreement"), Defendant failed to negotiate a Separation Agreement in good faith, consistent with the terms of the Employment Agreement.

24.     During the negotiation of the Separation Agreement, Defendant informed Plaintiff that it was unwilling and unable to pay the Severance as required by the Employment Agreement.

25.     As a result, Defendant has repudiated its obligation to pay Severance to Plaintiff.

26.     Based upon the anticipatory breach of the Employment Agreement by Defendant, the full amount of the Severance is currently due and owing to Plaintiff.

27.     Defendant's failure to pay Severance to Plaintiff as aforesaid, and its repudiation of the Severance obligation contained in the Employment Agreement is a material breach of the Employment Agreement by Defendant.

28.     The Employment Agreement further provides pursuant to paragraph 3 (e) that the parties agree "…that in respect of any adversarial proceedings between the Company and you under this Agreement or otherwise, the prevailing party (the party receiving substantially the relief sought) shall recover its reasonable attorney's fees.

29.     By reason of the foregoing, Plaintiff is entitled to recover from Defendant, the amount of $250,000, plus his reasonable attorney's fees, with interest and costs.

## SECOND CAUSE OF ACTION
*(breach of contract)*

30.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 29 above with the same force and effect, as if fully set forth herein.

31.     The Employment Agreement provided that Plaintiff was entitled to receive four weeks of vacation per year, in addition to holidays observed by the Company.

32.     At the time of Plaintiffs termination, Plaintiff had earned two weeks of accrued, but unused vacation time ("Vacation Time").

33.     Pursuant to the Employment Agreement and the policies of the Company, Plaintiff was entitled to be compensated for the Vacation Time upon his Termination from employment.

34.     Despite the repeated demands of Plaintiff, Defendant has failed and refused to pay the Vacation Time to Plaintiff.

35.     Based upon Plaintiff's salary at the time of his termination, the value of the Vacation time is $19,230.77.

36.     As a result of the aforesaid breach of contract, Defendant is indebted to Plaintiff for the sum of $19,230.77 plus his reasonable attorney's fees, with interest and costs.

**WHEREFORE,** Plaintiff demands judgment against Defendant, as follows:

A.      On the First Cause of Action, judgment in favor of Plaintiff against Defendant in the amount of $250,000.00, plus reasonable attorney's fees with interest and costs, together with such other, further, and different relief as to the Court seems just, proper, and equitable.

B.      On the Second Cause of Action, judgment in favor of Plaintiff against Defendant, in the amount of $19,230.77 plus reasonable attorney's fees with interest and costs, together with such other, further, and different relief as to the Court seems just, proper and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues.


Dated: New York, New York
       April 8, 2024

                              **KANE KESSLER, P.C.**

                              By:   *s/ S. Reid Kahn*
                                 S. Reid Kahn
                              600 Third Avenue-36th Floor
                              New York, New York 10016
                              (212) 519-5129
                              rkahn@kanekessler.com

                              *Attorneys for Plaintiff*